# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-4056-MWB |
| vs. | **DETENTION ORDER** |
| JOSHUA POLK, | |
| Defendant. | |

This matter came on for detention hearing on November 19, 2007. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Joshua Polk appeared in person with his attorney, J.P. Greer. The Government offered the testimony of Task Force Officer Brad Downing, and Deputy U.S. Marshal Peter Zellmer. The defendant offered the testimony of Frances Smith.

The court must determine whether any condition or combination of conditions will reasonably assure Polk's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Polk as required and the safety of the community if the court finds there is probable cause to believe Polk committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates that for at least the past year, Polk has been involved in a conspiracy to distribute a very large quantity of crack cocaine in the Sioux City area. Polk came to the Sioux City area from Chicago, apparently for the primary purpose of dealing crack cocaine in this area. Polk has no significant criminal history and he has a full-time job; however, were he placed on pretrial release, he has not shown that he has a suitable place to live. The evidence indicates he could live either at the residence of a former girlfriend who, on this evidence, lied to officers about Polk's whereabouts, or at the residence of a current girlfriend who performs child care for toddlers in her home. The court finds that neither of these is an appropriate residence for Polk while he is on pretrial release. Because Polk lacks a suitable place to live while awaiting trial, the court finds he would be a flight risk. Further, Polk has failed to offer any evidence to rebut the presumption that he would be a flight risk or a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the distribution of a significant quantity of drugs. *See, e.g., United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985).

The court finds the Government has proved by a preponderance of the evidence that Polk is a flight risk. Therefore, the court finds the following:

1. Polk is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Polk reasonable opportunity for private consultation with counsel while detained.

2

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Polk to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Polk must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 19th day of November, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT